IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-CV-312-RJC-DSC

| | |
|---|---|
| SHEILA KILGO, | ) |
| Plaintiff, | ) |
| v. | ) |
| ANDREW SAUL,[1] | ) ORDER |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on the parties' cross Motions for Summary Judgment, (Doc. Nos. 11, 13); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 19); and Plaintiff's Objections to the M&R, (Doc. No. 20). The motions are ripe for adjudication.

I.  BACKGROUND

   A. Procedural Background

   Plaintiff Sheila Kilgo ("Plaintiff") seeks judicial review of Nancy A. Berryhill's ("Defendant" or "Commissioner") denial of her social security claim. Plaintiff filed an application for Disability Insurance Benefits under Title II of the Social Security Act

---

[1] Andrew Saul became the Acting Commissioner of Social Security on June 17, 2019. Under Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul should be substituted for Nancy A. Berryhill as the defendant in this suit. No further action is necessary under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

("SSA") on August 26, 2014, and an application for supplemental security income under Title XVI of the SSA on August 27, 2014, alleging a disability onset date of September 5, 2016. (Doc. Nos. 10 to 10-1: Administrative Record ("Tr.") at 17, 44). Her application was denied first on December 9, 2014, (Tr. 132), and upon reconsideration on March 30, 2015. (Tr. 143, 151). Plaintiff filed a timely request for a hearing on May 22, 2015, (Tr. 161), and an administrative hearing was held by an administrative law judge ("ALJ") on April 3, 2017. (Tr. 35).

Following this hearing, the ALJ found that Plaintiff was not disabled under the SSA. (Tr. 14–34). Plaintiff requested a review of the ALJ's decision, but the Appeals Council denied Plaintiff's request for review. (Tr. 1). After having exhausted her administrative remedies, Plaintiff now seeks judicial review of Defendant's denial of her social security claim in this Court.

B. Factual Background

The question before the ALJ was whether Plaintiff was disabled under Sections 216(i), 223(d), and 1614(a)(e)(A) of the SSA. (Tr. 17). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the SSA.[2] Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Plaintiff alleges that her disability began on September 5, 2016, due to a combination of physical and

---

[2] Under the SSA, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

2

mental impairments.

After reviewing Plaintiff's record and conducting a hearing, the ALJ found that Plaintiff did not suffer from a disability as defined in the SSA. (Tr. 28–29). In reaching his conclusion, the ALJ used the five-step sequential evaluation process established by the Social Security Administration for determining if a person is disabled. The Fourth Circuit has described the five-steps as follows:

> [The ALJ] asks whether the claimant: (1) worked during the purported period of disability; (2) has an impairment that is appropriately severe and meets the duration requirement; (3) has an impairment that meets or equals the requirements of a listed impairment and meets the duration requirement; (4) can return to her past relevant work; and (5) if not, can perform any other work in the national economy.

Radford v. Colvin, 734 F.3d 288, 290–91 (4th Cir. 2013) (paraphrasing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant has the burden of production and proof in the first four steps. Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). However, at the fifth step, the Commissioner must prove that the claimant is able to perform other work in the national economy despite her limitations. See id.; see also 20 C.F.R. § 416.960(c)(2) (explaining that the Commissioner has the burden to prove at the fifth step "that other work exists in significant numbers in the national economy that [the claimant] can do"). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 27–29).

In reaching his decision, the ALJ first concluded at steps one through three that Plaintiff was not employed, that she suffered from severe physical and mental

3

impairments,[3] and that her impairments did not meet or equal any of the impairments listed in the Administration's regulations. (Tr. 19–22). Therefore, the ALJ examined the evidence of Plaintiff's impairments and made a finding as to Plaintiff's Residual Functional Capacity ("RFC"). The ALJ found that Plaintiff

> has the [RFC] to perform medium work . . . except that [she] can occasionally climb, and can frequently, but not constantly, handle and finger with her bilateral upper extremities. [She] must avoid concentrated exposure to fume and hazards such as heights. [She] can perform simple, routine, repetitive tasks, in a stable environment at a nonproductive pace. [She] would be off tasks for 9% of the time for an eight-hour workday.

(Tr. 23). Having established Plaintiff's RFC, the ALJ concluded that Plaintiff could not perform the work in which she had previously been employed. (Tr. 27). Therefore, the ALJ proceeded to the fifth and final step of the process: determining whether, given the limitations embodied in her RFC, Plaintiff could perform any work that existed in significant numbers in the national economy. (Tr. 27–28). To make that determination, the ALJ relied on the testimony of a Vocational Expert ("VE"). The VE testified that Plaintiff could perform at least three representative occupations that exist in significant numbers in the national economy (Tr. 28, 58–59). All of these jobs involve medium exertion according to the DOT.[4] The ALJ accepted the VE's

---

[3] The ALJ concluded that Plaintiff has the following severe impairments: degenerative disc disease, cervical radiculitis, status post multiple cardiac stents, hypertension, obesity, chronic obstructive pulmonary disease ("COPD"), carpal tunnel syndrome, anxiety, and depression. (Tr. 19).

[4] Medium work is defined as follows:

> Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If

4

testimony and concluded that Plaintiff's impairments did not prevent her from working; consequently, Plaintiff's application for Title II benefits was denied. (Tr. 27–29).

## II. STANDARD OF REVIEW

The Court must decide whether substantial evidence supports the final decision of the Commissioner and whether the Commissioner fulfilled her lawful duty in her determination that Plaintiff was not disabled under the SSA. See 42 U.S.C. §§ 405(g) and 1382(c).

The SSA, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the SSA provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been

---

someone can do medium work, we determine that he or she can also do sedentary and light work.

20 C.F.R. § 404.1567.

5

defined as being "more than a scintilla and [do]ing more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome–so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

Plaintiff alleges that the ALJ failed to (1) provide a sufficient explanation of the RFC assessment by not describing how the RFC limitations were appropriate and how they accounted for Plaintiff's impairments, and (2) properly weigh Plaintiff's testimony by failing to consider Social Security Ruling 16-3p. The Court agrees with Plaintiff's first allegation of error, and therefore, remands on this basis.

Plaintiff argues that the ALJ failed to provide a logical bridge between the evidence and his conclusion that Plaintiff could perform medium work at a

6

nonproductive pace. According to Social Security Ruling 96-8p, ALJs must provide a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8p, 61 Fed. Reg. 34,474, 34,478 (July 2, 1996)). In the absence of a narrative discussion, district courts are not to mine the record to find support for an ALJ's unexplained decision. Brown v. Colvin, No. 14-2106, 639 F. App'x 921, 923 (4th Cir. 2016). Additionally, the ALJ is required to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016). The Fourth Circuit has established that, without sufficient explanation, the logical bridge between an RFC finding and the evidence is absent, and meaningful review is frustrated. Thomas v. Berryhill, 916 F.3d 307, 311 (4th Cir. 2019), as amended (Feb. 22, 2019). Remand for failure to perform an explicit function-by-function analysis "may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio, 780 F.3d at 636.

Here, the Court finds that the ALJ did not provide a sufficient explanation for his RFC conclusion, thus failing to construct a logical bridge between the evidence and his conclusion. At the hearing, Plaintiff testified that she is unable to stand for more than an hour at a time. (Tr. 49). Plaintiff further testified that she cannot walk more than 100 yards or lift more than 10 pounds without surgery. (Tr. 44–46, 48–

7

49). Plaintiff admitted that medication helps alleviate some of her issues but also indicated that the side effects, including drowsiness, prevent her from being able to work. (Tr. 46–47).

The ALJ considered medical testimony by non-consulting physician Perry Caviness, giving it "great weight [due to its] consisten[cy] with the medical record as a whole." (Tr. 26). The ALJ viewed the physician's testimony as consistent with evidence that Plaintiff's pain "has been controlled with medications" and that she "has a long history of medication non-compliance" for her heart condition, combined with her being "able to work since her alleged onset date." (Tr. 26). The ALJ subsequently agreed with the physician's testimony and indicated that Plaintiff is "only capable of less than the full range of medium work." (Tr. 27). Here, at Step Three, the ALJ found that Plaintiff's RFC allows her to perform medium work with some exceptions as to climbing and handling and fingering with her bilateral upper extremities, along with an avoidance of concentrated exposure to fume and hazards. (Tr. 23). The ALJ further concluded that Plaintiff can perform "simple, routine, repetitive tasks, in a stable environment at a nonproductive pace." (Id.).

Here, the Court determines that the ALJ's discussion of the limitations encompassed in Plaintiff's RFC assessment is lacking. Throughout the ALJ's discussion of Plaintiff's subjective testimony and the objective medical evidence, there is little explanation as to why Plaintiff can perform medium work at a nonproductive pace. (Tr. 23–26). The ALJ adopted the physician's testimony without explaining why. In fact, the ALJ merely summarized and restated the testimony given by

8

Plaintiff and Dr. Caviness before concluding that Plaintiff could work positions requiring a medium exertional level, along with some limitations regarding her physical abilities. There is no "function-by-function assessment of [Plaintiff's] individual physical and mental capacities" present in the decision. See SSR 96-8p, 61 Fed. Reg. at 34,476. For example, the VE testified that a hypothetical individual who needs two extra ten-minute breaks beyond one's regular scheduled breaks would be precluded from working. (Tr. 60). The VE further testified that, if such an individual were unable to sustain attention, concentration, pace, and persistence for a continuous two-hour period, the individual would be unable to work. (Tr. 59–60). Nowhere in the ALJ's decision is there discussion of the VE's testimony as to these thresholds.

The ALJ indicated that Plaintiff can perform "simple, routine, repetitive tasks, in a stable environment at a nonproductive pace." (Tr. 23). This conclusion is unsubstantiated by anything in the opinion. The ALJ points to no medical records or evidence as to what necessitates a "nonproductive pace," nor does he define what that term means. (Tr. 23–27). Accordingly, no logical bridge was built between his conclusion and the evidence, and therefore, the RFC assessment fails under the Thomas standard. As the Fourth Circuit found in Thomas, the Court here concludes that the ALJ provided insufficient "information [for the Court] to understand what those terms mean." See Thomas, 916 F.3d at 312. This omission makes it "difficult,

if not impossible, for [the Court] to assess whether their inclusion in [Plaintiff's] RFC is supported by substantial evidence."[5] Id.

It is not the role of the Court to speculate as to the ALJ's findings or his justifications. Fox v. Colvin, 632 F. App'x 750, 755 (4th Cir. 2015). This oversight is reminiscent of the actions taken by the ALJ in Fox v. Colvin, 632 F. App'x 750 (2015), where an ALJ provided insufficient reasons for discrediting the treating physician's opinion. 632 F. App'x 750, 756 (4th Cir. 2015). The Fourth Circuit found "[s]uch a cursory and conclusory analysis [to] not provide any reason, let alone a good reason, why the ALJ concluded that [the physician's] opinion was inconsistent" with other medical evidence. Id. Likewise, the Court determines in the instant case that the ALJ omitted proper justification for his decision and remands on that error.

## IV. CONCLUSION

The Court remands on Plaintiff's first allegation of error, but the ALJ should further note Plaintiff's other objection to his decision on remand. On remand, the ALJ should more fully explain why Plaintiff is capable of performing medium work at a nonproduction pace despite the VE testimony indicating that such work would be precluded.

---

[5] The M&R concluded that there was substantial evidence to support the Commissioner's decision. (Doc. No. 19 at 5–9). However, the M&R focuses in pertinent part almost entirely on the Commissioner's decision to weigh the testifying physician's testimony as more convincing than Plaintiff's subjective testimony. (Doc. No. 6–9). The M&R—issued prior to Thomas becoming binding, published, Fourth Circuit precedent—provides little discussion of the ALJ's use of the phrase "nonproductive pace" in the RFC assessment, which warrants remand under Thomas. See Thomas, 916 F.3d 307.

**IT IS THEREFORE ORDERED THAT:**

1. The Court **DECLINES TO ADOPT** the M&R, (Doc. No. 19);

2. Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is **GRANTED**;

3. Defendant's Motion for Summary Judgment, (Doc. No. 13), is **DENIED**;

4. This matter is **REMANDED** for a new hearing consistent with this Order; and

5. The Clerk of Court is directed to close this case.

Signed: August 7, 2019

Robert J. Conrad, Jr.
United States District Judge